<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JUAN FERDINAND,**     Plaintiff, v. **COMMISSIONER OF SOCIAL SECURITY,**     Defendant. | 03-CV-2522 (WJM) **OPINION** |

Steven Gaechter
58 Main Street
Hackensack, NJ 07601
*Attorney for Plaintiff*

Anthony J. Labruna, Jr.
Assistant U.S. Attorney
970 Broad Street
Suite 700
Newark, New Jersey 07102
*Attorney for Defendant*

**MARTINI, U.S.D.J.:**

Plaintiff Juan Ferdinand brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the final determination by the Commissioner of Social Security ("Commissioner") which denied Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. The Commissioner opposes. For the reasons articulated below, the Commissioner's decision is **AFFIRMED.**

**BACKGROUND**

Plaintiff was born on December 1, 1952. He attended high school in his native Dominican Republic, and left school after eleventh grade. He has worked as a fast food worker and as a machine operator and hi-low operator in several different manufacturing facilities.

Plaintiff allegedly became disabled as of October 5, 1999 due to herniated disks in his lower back. (Tr. at 71).[1] On August 28, 2000, Plaintiff filed an application for DIB and SSI benefits relying on that alleged disability. The applications were denied initially and on reconsideration. Thereafter, Plaintiff requested a hearing by an administrative law judge ("ALJ").

A hearing was held on August 19, 2002, before ALJ Dennis G. Katz. On October 17, 2002, a decision was issued denying Plaintiff's application. The ALJ evaluated Plaintiff's medical records in detail and determined that although Plaintiff had a severe impairment or combination of impairments, he was not disabled. Ultimately, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, including his prior work as a fast food worker.

Plaintiff sought review by the Appeals Council, and on April 25, 2003, the Appeals Council denied his request for review. Plaintiff then timely appealed to this Court.

**STANDARD OF REVIEW**

The district court exercises plenary review over the Commissioner's legal conclusions and is bound by the Commissioner's factual findings if they are supported by substantial

---

[1] The designation "Tr." refers to the administrative record.

2

evidence. Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988)(citation omitted); see also Woody v. Secretary of Health & Human Servs., 859 F.2d 1156, 1159 (3d Cir. 1988) (stating that substantial evidence is "more than a mere scintilla but may be less than a preponderance"). Thus, this Court's inquiry is whether the record, read in its entirety, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the Commissioner. "Overall, the substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004).

**DISCUSSION**

In reaching the decision to deny benefits to Plaintiff, the ALJ undertook the multi-step sequential evaluation and found as follows: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; (2) Plaintiff's impairment is "severe," but does not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; (3) Plaintiff's subjective complaints of pain were not entirely credible in light of the evidence of record; (4) Plaintiff retains the residual functional capacity to perform light work, including his past relevant work as a fast food worker; and (5) Plaintiff does not suffer from a disability as defined in the Social Security Act.

Plaintiff argues that the ALJ's decision is reversible for two reasons. First, Plaintiff alleges that the ALJ's step four analysis failed to properly account for Plaintiff's complaints of

pain in light of the evidence of record.  Second, Plaintiff alleges that the ALJ's finding in step four that Plaintiff possesses the residual functional capacity to perform light work was not supported by substantial evidence.

I.      **Plaintiff's Subjective Complaints of Pain**

Plaintiff argues that the ALJ improperly rejected his subjective complaints of pain.  This Court disagrees.  The ALJ found Plaintiff's subjective complaints of pain to be less than credible and that determination is supported by substantial evidence.

Subjective complaints of pain, alone, cannot support a finding of disability.  Instead, objective medical evidence, such as medical signs and laboratory findings, must show "a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms."  20 C.F.R. § 404.1529; see S.S.R. 96-7p.  Thus, the ALJ must reject bare complaints of pain unless they are supported by objective medical findings.  Moreover, even when the ALJ has determined that there is an underlying medically determinable condition that could be expected to produce the symptoms complained of, he must make a determination as to the individual's credibility. S.S.R. 96-7p.  As a sister court in this district aptly stated:

> The ALJ, though, is not obliged to accept without question the credibility of such subjective evidence.  The ALJ has discretion "to evaluate the credibility of a claimant and to arrive at an independent judgment in light of medical findings and other evidence regarding the true extent of the pain alleged by the claimant."

LaCorte v. Bowen, 678 F. Supp. 80, 83 (D.N.J. 1988) (citations omitted).

The ALJ properly concluded that Plaintiff's complaints of pain were not supported by the medical evidence.  The ALJ made numerous and detailed references to the record to support his

conclusion. He noted that Plaintiff's intermittent use of pain medications belied his claim that he was homebound. Plaintiff had a positive response to epidural injections, and physical therapy. In fact, at least in one instance, he responded so well to an epidural injection that he went without another injection for seven months. By October 2001, it was reported that he could stand and walk without difficulty. And as of August 2002, Plaintiff declined an epidural injection because two prescription drugs he was taking, Vioxx and Neurontin, were working well. Moreover, the ALJ relied on the report of Dr. Vassallo, a state agency medical consultant who examined Plaintiff on December 11, 2000. Despite noting that Plaintiff claimed to have chronic lower back pain, Dr. Vassallo reported that Plaintiff was only taking minimal pain medications, had no trouble walking or sitting, had good fine manipulative ability, exhibited only minimal deficits in range of motion with full range of motion of both elbows, and had no sensory deficits in the upper or lower extremities.

The ALJ also found that Plaintiff's subjective complaints of pain were not credible in view of his testimony and contradictory behavior. Plaintiff testified that he has been essentially homebound since the onset of his disability. The ALJ found this to be incredible given the absence of any corroborating medical records demonstrating that he should possess such debilitating symptoms, never mind the fact that Plaintiff never mentioned this extreme limitation to any of his treating physicians. Further, Plaintiff testified on direct examination before the ALJ that he had experienced no bad side effects from the medication he was taking. However, after being asked a leading question by his attorney, Plaintiff suddenly reversed his position and claimed that the medication made him drowsy. Lastly, Plaintiff received unemployment insurance benefits after the onset date. Not surprisingly, the ALJ found this cast doubt on

Plaintiff's complaints of severe pain because, in order to receive unemployment compensation, Plaintiff had to represent to the State that he was ready, willing and able to work.

In short, the ALJ found that the record did not support Plaintiff's subjective complaints of pain. He commented that:

> [T]he claimant's descriptions of pain were out of proportion to the impairments established by the medical findings in the record and his own reports to treating physicians that they were not at all credible. While the claimant obviously has had back problems, the symptoms described in the treatment notes do not reflect medical impairments of such severity or intensity so as to preclude the claimant from even leaving the home. Nowhere in the record does the claimant mention his "homebound" status to his physicians. There was nothing in any consultative examination which suggested such extreme limitations in functioning. This evidence suggests that the claimant was exaggerating his symptoms and his limitations during his testimony at the hearing.

(Tr. at 25). Given the record in this case, the Court concludes that the ALJ properly evaluated Plaintiff's complaints of pain, compared them to the medical evidence, and articulated his reasons for rejecting them.[2] Because these reasons are supported by substantial evidence, the decision below is affirmed.

### II.    Plaintiff's Residual Functional Capacity to Perform Light Work

Plaintiff argues that the ALJ's conclusion that Plaintiff possesses the residual functional capacity to perform light work is not supported by substantial evidence. Plaintiff's argument is

---

[2]As such, this case is distinguishable from the situation in Schaudeck, where the ALJ failed to weigh all of the relevant evidence, made findings that appeared to be inconsistent, and failed to fully articulate his reasons for rejecting the claimant's complaints of pain. See Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 434-35 (3d Cir. 1999).

unavailing. The ALJ properly analyzed the available evidence and rendered an appropriate determination regarding Plaintiff's residual functional capacity.

An ALJ must consider a state agency medical consultant's opinions as evidence. 20 C.F.R. 404.1527(f)(2)(i). Under certain circumstances, a medical consultant's opinions may provide substantial evidence supporting an ALJ's findings. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Here, after discussing the evidence of record, the ALJ adopted the report of the state agency medical consultant, Dr. Vassallo, who found that Plaintiff was capable of light work. Dr. Vassallo's report stated that Plaintiff had the residual functional capacity to occasionally lift 20 pounds, frequently lift and carry 10 pounds, stand and walk for six hours in an eight hour work day, and sit for six hours in an eight hour work day. (Tr. at 189). Dr. Vassallo made these findings based on his consultative examination of Plaintiff. As the ALJ noted, these findings were buttressed by Plaintiff's treating physician's report, which noted only that Plaintiff should avoid heavy lifting. (Tr. at 260). Notably, no treating physician contradicted Dr. Vassallo's report or found that Plaintiff had other limitations or could not perform light work.

Plaintiff bears the burden of proving that he lacks the residual functional capacity to perform his past relevant work. Ferguson v. Schweiker, 765 F.2d 31, 36 (3d Cir. 1985). As the ALJ noted, there is no medical evidence of record that demonstrates Plaintiff is incapable of performing such work. (Tr. at 24). Indeed, Plaintiff candidly admits that "[a] careful review of the medical evidence in this file indicates that there is no other evidence [besides the medical consultant's report] which speaks to the Plaintiff's residual functional capacity." (Pl.'s Br. at 15). Rather, Plaintiff appears to rely on his subjective complaints of pain in conjunction with his "severe" impairment to demonstrate that he is unable to perform light work. Having affirmed the

ALJ's decision that Plaintiff's subjective pain is neither as extreme nor as debilitating as Plaintiff claims, and there being no countervailing medical evidence of record, this Court concludes that Plaintiff failed to carry his step four burden.

In sum, after discussing the evidence of record, the ALJ essentially concluded that Plaintiff did not carry his burden of showing an inability to perform light work and, therefore, that he is disabled. The ALJ's conclusion is supported by substantial evidence and, as such, is affirmed.

**CONCLUSION**

For the foregoing reasons, this Court finds that the ALJ's analysis was adequate and supported by substantial evidence. Consequently, the Commissioner's decision denying Social Security disability benefits to Plaintiff Juan Ferdinand is affirmed.

**Dated:** May 16, 2005                                           s/ William J. Martini
                                                                  **William J. Martini, U.S.D.J.**